IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOHNNY RAGLAND, # 111474,        )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. 3:05-cv-251-WKW
                                 )
WARDEN STEVE WATSON, *et al.*,   )
                                 )
        Defendants.              )

## ORDER

Johnny Ragland ("Ragland"), a state inmate confined in Easterling Correctional Facility ("Easterling"), filed a complaint against prison warden Steve Watson and other individuals associated with Easterling (collectively the "defendants"). Ragland complains that the defendants violated his constitutional right to due process by removing him from work release and by placing him in a different prison facility with medium security classification. The defendants filed a motion for summary judgment arguing that Ragland has no liberty interest in work release or in confinement to a prison of his choice. The magistrate judge recommends that the motion for summary judgment be granted (Doc. # 31). Ragland objects to the magistrate judge's recommendation.

After an independent and *de novo* review of the record, the court MODIFIES a portion of the magistrate judge's recommendation to sufficiently address plaintiff's objections.

The magistrate judge correctly concluded that Ragland does not possess a liberty interest, under federal law, in a work release program. The United States Supreme Court recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The appropriate analysis to ascertain whether the state of Alabama has created a liberty interest in an inmate's continued work release is

whether the removal from work release "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The magistrate judge correctly concluded that, by application of *Sandin*, a prisoner does not have a liberty interest in continued work release. The court finds, however, that Ragland's objection to the recommendation of the magistrate judge warrants additional discussion on the magistrate judge's finding that "the law is well settled that an inmate in the Alabama prison system has no liberty interest which entitles him to work release." (Rec. at 10.)

Ragland has pointed out that Alabama has previously recognized that an inmate may have a liberty interest in continued work release through language found in the Alabama Department of Corrections' ("ADOC") *Classification Manual*. *Ex parte Deramus*, 882 So. 2d 878 (Ala. 2003); *Luster v. State*, 935 So. 2d 1193 (Ala. Crim. App. 2004); *see also Ex Parte Berry*, 794 So. 2d 307 (Ala. 2000) (holding that an inmate who is removed from work release status possessed a liberty interest in continued work release because ADOC's *Classification Manual* requires a due process hearing before removal); *Baskin v. State* 856 So. 2d 951 (Ala. Crim. App. 2003). However, on July 9, 2003, subsequent to the Alabama Supreme Court's decision in *Ex parte Berry*, ADOC amended the *Classification Manual* to delete the requirement that a due process hearing be had before removal from a work release program. *See Ward v. State*, 929 So. 2d 1048, 1050 (Ala. Crim. App. 2005) (recognizing ADOC's amendment to the manual). The deletion by ADOC of the required due process hearing in the *Classification Manual* essentially voided the holding of *Ex parte Berry* and the subsequent cases that relied upon its analysis.

However, even if Alabama law did recognize a liberty interest in continued work release, it is of no accord to the holding of this opinion and the legal reasoning applied by the magistrate judge.

2

The court is required to apply *Sandin* to the facts of this case and is similarly prohibited from analyzing the level of discretion afforded ADOC in its *Classification Manual*. *See Sandin* at 483 ("[W]e believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause.")  For the reasons stated in the magistrate judge's recommendation, removal from work release does not "impose [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

It is ORDERED that

1)      Plaintiff's Objection (Doc. # 32) is OVERRULED;

2)      The recommendation of the magistrate judge (Doc. # 31), as MODIFIED above, is

        ADOPTED; and

3)      Defendant's motion for summary judgment is GRANTED.

DONE this 4th  day of June, 2007.

                    /s/   W.  Keith Watkins
                    UNITED STATES DISTRICT JUDGE